# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MONICA MENDEZ,

    Plaintiff,

v.

MICHIGAN BELL TELEPHONE COMPANY, and AT&T SERVICES, INC,

    Defendants.

CASE NO. 22-CV-11010

HON. STEPHEN J. MURPHY, III

MAG. ANTHONY P. PATTI

---

Daimeon M. Cotton  (P75563)
COTTON LAW CENTER PLLC
13900 Woodward Avenue
Highland Park, Michigan 48203
(313) 963-1320
dcotton@cottonlawcenter.com

*Attorneys for Plaintiff*

Jaclyn R. Giffen  (P75316)
Jessica G. Kingston  (P74417)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 446-6400
jgiffen@littler.com
jgkingston@littler.com

*Attorneys for Defendants*

---

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........................................................................................ II

II. ANALYSIS................................................................................................... 1

    A. Portions of Plaintiff's "Evidence" Should be Disregarded. ................. 1

    B. Plaintiff's Termination was not Pretextual. ......................................... 2

        1. Plaintiff does not dispute the basis of her discipline or termination. ................................................................................ 2

        2. Plaintiff was unable to meet the required sales metrics for her position despite almost three years in the sales role. ........... 2

    C. Plaintiff's Discrimination Claims are Futile. ....................................... 3

        1. There is no evidence that management was aware of Plaintiff's alleged disability. ...................................................... 3

        2. There is no evidence that management was aware of Plaintiff's age. ............................................................................. 4

    D. Plaintiff's Retaliation Claims are Futile................................................ 5

        1. Plaintiff failed to provide evidence of protected activity or that management knew about her participation...................... 5

        2. Plaintiff's "evidence" of a causal connection is faulty.............. 6

    E. Plaintiff Does Not Have Evidence that AT&T Services, Inc. was Plaintiff's Employer. ................................................................... 7

III. CONCLUSION............................................................................................ 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bowman v. Shawnee State University*,
   220 F.3d 456 (6th Cir. 2000) ................................................................................5

*Hazen Paper Co. v. Biggins*,
   507 U.S. 604 (1993) ..............................................................................................5

*Messenheimer v. Coastal Pet Prod., Inc.*,
   764 Fed.Appx. 517 (6th Cir. 2019) .......................................................................4

*Midfield Concession Enters., Inc. v. Areas U.S., Inc.*,
   130 F. Supp. 3d 1122 (E.D. Mich. 2015) ..............................................................2

*Morris v. Oldham County Fiscal Court*,
   201 F.3d 784 (6th Cir. 2000) ................................................................................5

*Porubsky v. Macomb Cmty. Coll.*,
   2012 WL 2803765 (E.D. Mich. July 10, 2012) ....................................................6

*Reeves v. Sanderson Plumbing Products, Inc.*,
   530 U.S. 133 (2000) ..............................................................................................4

*Tennial v. United Parcel Serv., Inc.*,
   840 F.3d 292 (6th Cir. 2016) ...........................................................................3, 4

*Walters v. Metro. Educ. Enter., Inc.*,
   519 U.S. 202, 117 S. Ct. 660 (1997) .....................................................................7

**Other Authorities**

Fed. R. Civ. P. 26(a) .....................................................................................................1

Fed. R. Civ. P. 26(e) .....................................................................................................1

Fed. R. Civ. P. 37(c)(1) ................................................................................................1

**I.      INTRODUCTION.**

Plaintiff does not dispute that she engaged in the actions that led to her termination. Instead, Plaintiff asserts Michigan Bell's reasons for her termination were "not enough" or Michigan Bell should have provided her with more second chances, but ignores she was terminated after a progression of discipline. Notably, there is no evidence that any employee missed their sales metrics month after month as Plaintiff had done. As such, even looking at the facts in the best light for Plaintiff, she is unable to make out a claim for discrimination (on any of the numerous bases she alleges) or retaliation, and her Complaint should be dismissed.

**II.     ANALYSIS.**

    **A.     Portions of Plaintiff's "Evidence" Should be Disregarded.**

Plaintiff relied on several documents as exhibits to her Response Brief that were not produced during discovery. Fed. R. Civ. P. 26(a) requires a party to produce documents that it may use "to support its claims…" and Fed. R. Civ. P. 26(e) requires a party to supplement its production. "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Discovery closed on April 28, 2023. Plaintiff had ample time to supplement her production, but instead withheld these documents until filing her response. As a result, Defendants did not have the opportunity to question Plaintiff at her deposition

1

regarding these documents or otherwise confirm their authenticity, accuracy, and context. Defendants therefore request the Court disregard and exclude Exhibits 2, 5-9, and 29 to Plaintiff's Response Brief. *See* ECF Nos 18-2, 18-5 – 18-9, and 18-29.

### B.   Plaintiff's Termination was not Pretextual.

#### 1.   Plaintiff does not dispute the basis of her discipline or termination.

Plaintiff admits she "does not contest the factual basis of the write-ups…" *See* ECF No. 33, PageID.616. This is unsurprising since her discipline and termination were based on objective, quantitative values—monthly sales. Instead, Plaintiff turns to her interpretation of conversations with coworkers. Plaintiff's testimony regarding Mike Wallace is unavailing. As previously explained, Plaintiff has no evidence that management was aware of Wallace's alleged improper performance or evidence he was failing to meet his sales goals at a comparable rate to Plaintiff. *See* ECF No. 31, PageID.350. Similarly, Plaintiff's testimony recalling a conversation regarding "green calls" is problematic. Such inadmissible hearsay cannot be used to create a question of fact. *See Midfield Concession Enters., Inc. v. Areas U.S., Inc.*, 130 F. Supp. 3d 1122, 1134 (E.D. Mich. 2015). In fact, Plaintiff admits she has no personal knowledge regarding how calls are routed. *See* Exhibit M, Pltf's Dep. Tr. at 51:10-21.

#### 2.   Plaintiff was unable to meet the required sales metrics for her position despite nearly three years in the sales role.

Plaintiff's sales results are indisputable–she was unable to meet her sales goals

2

for a single month in 2020 or 2021. *See* ECF No. 31-4. Plaintiff attributes her failure to a lack of training, but Plaintiff's own exhibits, testimony, and Brief contradict this contention. For example, Plaintiff admits she received training when she transferred to sales, but asserts it was "very little." But records show Plaintiff received double the amount of training typically provided to new hires. *See* ECF No. 31-3, PageID.402. Plaintiff also confirms she received additional training after the initial period, with one-on-one meetings. *See* ECF No. 33-1, PageID.605.

### C. Plaintiff's Discrimination Claims are Futile.

#### 1. There is no evidence that management was aware of Plaintiff's alleged disability.

Plaintiff asserts management was aware of her alleged disability based on records regarding her application for leave and short-term disability benefits. *See* ECF No. 33-1, PageID.711. But, Plaintiff applied for leave and benefits through a third-party provider who communicated with Michigan Bell through the Company's IDSC department. IDSC maintained these records; they were not provided to Plaintiff's managers.[1]

---

[1] Notably, Bahena ceased to be Plaintiff's manager over two years before her termination. *See* ECF No. 31, PageID.341-342. Plaintiff has not proffered evidence that decisionmakers involved in her termination were aware of her purported disability. *See Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 306 (6th Cir. 2016) ("prima facie [disability discrimination] case is not made out if the decisionmaker is unaware of the specifics of an employee's disabilities or restrictions, even if the decisionmaker has a general knowledge that a disability exists.")

3

Furthermore, courts have routinely rejected the argument that an employer's knowledge of leave amounts to knowledge of a disability. *See, e.g.*, *Tennial*, 840 F.3d at 306 ("Although Tennial's supervisors were aware that he took leave, there is no indication anywhere in the record that his supervisors knew that this leave was for work-related stress."); *Messenheimer v. Coastal Pet Prod., Inc.*, 764 Fed.Appx. 517, 519 (6th Cir. 2019) ("Nor is knowledge that Messenheimer took leave sufficient to show [employer's] awareness of her disability.").

### 2. There is no evidence that management was aware of Plaintiff's age.

Plaintiff asserts management was aware of her age because she informed her supervisor of her seniority date during her grievance review board hearing. *See* ECF No. 33-1, PageID.612. But by that time, Plaintiff had already been suspended pending termination. *Compare* ECF No. 33-16, PageID.716 and ECF No. 33-27, PageID.744. For an employer to be liable, Plaintiff's "age must have actually played a role in the employer's decision-making process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). As a union member, Plaintiff's termination underwent a multi-step process, including her grievance review board hearing. Evidence that Plaintiff discussed her seniority date *after* the process to terminate her employment had already begun is irrelevant and certainly insufficient to meet Plaintiff's burden.

4

### D. Plaintiff's Retaliation Claims are Futile.

#### 1. Plaintiff failed to provide evidence of protected activity or that management knew about her participation.

Plaintiff identifies four events she claims constitute participation in protected activity, but each fails to meet that standard. First, while Plaintiff made a complaint to the Company's internal hotline in late 2018, she complained about alleged discrimination based on her "seniority." *See* ECF No. 31-3. Seniority is not a protected classification. As the Supreme Court recognized, "an employee's age is analytically distinct from his years of service." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 611 (1993). Plaintiff's complaint was not regarding action protected by any of the statutes at issue. Furthermore, Plaintiff does not have evidence that decisionmakers involved in her termination had knowledge of her complaint.

Plaintiff does not assert she reported discrimination in her alleged second complaint in 2020.[2] Plaintiff testified she complained of bullying and harassment. "Title VII does not prohibit all verbal or physical harassment in the workplace," it prohibits discrimination based on membership in a protected class. *Bowman v. Shawnee State University,* 220 F.3d 456, 463 (6th Cir. 2000). A Title VII action does not lie where the harassment is based on personal displeasure or belligerence, rather than discriminatory animus. *See Morris v. Oldham County Fiscal Court,* 201 F.3d

---

[2] Defendants do not have any records of Plaintiff's purported 2020 complaint, nor has Plaintiff provided any evidence of it.

784, 791 (6th Cir. 2000).

Second, Plaintiff's grievance is similarly problematic, as Plaintiff alleged only that she received "unfair discipline." *See* ECF No. 33-13, PageID.708. "Complaints concerning unfair treatment in general which do not specifically address discrimination are insufficient to constitute protected activity." *Porubsky v. Macomb Cmty. Coll.*, 2012 WL 2803765 at *10 (E.D. Mich. July 10, 2012) quoting *Weaver v. Ohio St. Univ.*, 71 F.Supp.2d 789, 793-94 (S.D. Ohio 1998).

Third, Plaintiff contends she asked her supervisor not to "harass" her. *See* ECF No. 33-1, PageID.614. But, such a personality conflict is not a violation of applicable statutes and therefore cannot be considered qualified protected activity.

Last, Plaintiff points to statements at her grievance review hearing. As explained above, these statements came *after* Plaintiff's termination process had already begun and could not have caused Plaintiff's termination.

### 2.    Plaintiff's "evidence" of a causal connection is faulty.

Pursuant to the applicable Collective Bargaining Agreement, Plaintiff could grieve any write-up she thought was not proper. Therefore, each of Plaintiff's disciplines either went through the grievance process and was validated or Plaintiff's union did not grieve them because it too felt they were properly issued.

Additionally, Plaintiff was coached on her job performance in January and February 2021. *See* Exhibit N. Plaintiff contends she already made her complaint

6

regarding Angela Jackson in December 2020. Plaintiff has not offered any evidence that Jackson was aware of the purported 2020 complaint. Notably though, Jackson did not discipline Plaintiff, but instead provided her coaching on proper methods. *See id*. Jackson only pursued Plaintiff's termination when, despite this additional coaching, Plaintiff continued to fail to meet her required sales metrics.

    **E.**    **Plaintiff Does Not Have Evidence that AT&T Services, Inc. was her Employer.**

Defendants admit Plaintiff was selling AT&T branded products. But, "[a]n employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 206, 117 S. Ct. 660, 663 (1997). Plaintiff was paid by and employed by Michigan Bell. *See* ECF No. 31-3, PageID.521-536.

**III.   CONCLUSION.**

For the reasons set forth above and in Defendants' Brief in Support of Their Motion for Summary Judgment (ECF No. 31), Defendants request the Court enter an order granting summary judgment, dismissing each claim with prejudice.

| | |
|---|---|
| Dated:  July 21, 2023 | */s/ Jessica Kingston* |
| | Jaclyn R. Giffen (P75316) |
| | Jessica Kingston  (P74417) |
| | LITTLER MENDELSON, P.C. |
| | 200 Renaissance Center, Suite 3110 |
| | Detroit, Michigan 48243 |
| | (313) 202-3170 |
| | jgiffen@littler.com |
| | jgkingston@littler.com |

*Attorneys for Defendants Michigan Bell Telephone Company and AT&T Services, Inc.*

### **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 21, 2023 via:

| | | | |
|---|---|---|---|
| _____ | U. S. Mail | _____ | Facsimile |
|   X   | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*/s/ Jessica Kingston*
Jessica Kingston

8